Mr. Justice ThacheR
delivered the opinion of the court.
This is an action of assumpsit instituted against James H. Mosely, executor, and Sarah Barnes, executrix, founded upon an open account contracted by the testator of the defendants in the circuit court. Service of process was had upon the executrix only, and she failing to appear and plead, the action was thereupon discontinued as to the executor, and a judgment as by default and a writ of inquiry, with a finding and judgment thereon, were entered against the executrix.
This case fully presents to us the question, whether to warrant a judgment against the estate of deceased persons, represented by two or more executors or administrators, there must not be service against all of those representatives. This point as yet has not been fully determined in this court, although it has been incidentally remarked upon in the case of Breckenridge's Adm’r. v. Mellon’s Adm’r., 1 How. 273, and in that of Woodward, Judge, &c., use, &c., v. Brown’s Adm’r., 11 S. & M. 303. We have held, that in order to render a judgment against partners valid, there must be service upon or appearance by all the partners. This is because the judgment is binding upon them jointly, and severally, upon the partnership fund and their individual property. It is true that executors or administrators fill but one office, that the act of one is the act of all, and that a judgment against them is binding only upon the estate, but the object of this representation of an estate is for its benefit. The law permits more-than one executor or administrator to be intrusted with the settlement of an estate. This rule may have been adopted from the complexity of the business of some estates, or from the fact that more than one *111 person may be required on account of their intimate acquaintance with the various affairs of such estate. Matters thus may be within the knowledge of one executor or administrator, relating to the concerns of an estate, which are entirely unknown to his co-executor or co-administrator; matters of payment, of set-off, or of full defence. The law surrounds the estates of decedents with its best protection, and indulges their representatives with favorable rules as to their pleadings and practice. We conceive that great injury might accrue to estates by adopting any rule which would deprive them of the benefit of the information in the breast of all of their representatives.
In the present case, the judgment -was erroneously taken against but one of the representatives, and it was erroneous to have discontinued the cause as to the executor not served with process.
Judgment reversed, and cause remanded for further proceedings. »